**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmie Lynn Lucas,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　　Respondents. | No. CV 05-1434-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondents' answer (doc. 13), petitioner's reply (doc. 17), the report and recommendation ("R & R") of the United States Magistrate Judge recommending that the petition be denied (doc. 18), and petitioner's objections (doc. 20).

**I.**

When we were first presented with the Report and Recommendation (doc. 18), we noted that footnote one to it brought to our attention for the first time a notice that petitioner filed on May 24, 2005 (doc. 3). While petitioner acknowledged that the instant petition did not involve his prior state case, he was concerned that future habeas cases might be assigned to the undersigned. Our review of the case management system revealed that Lucas did in fact file another petition that was assigned to us, CV-06-1313. Thus, while there were no recusal issues in the instant case because it does not involve the prior state case, we invited

Lucas to file a motion in connection with recusal in CV-06-1313. Order of April 4, 2007 (doc. 19).

Following our suggestion, Lucas filed a motion for recusal in CV-06-1313 for the reason that as Duty Justice of the Arizona Supreme Court, I entered an order dismissing his petition for special action. Because I do not participate in cases where I have participated below in the state courts, I granted Lucas' motion for recusal in CV-06-1313 which was then reassigned to Judge Campbell (doc. 19 in CV-06-1313).

This court's order of April 4, 2007 (doc. 19), was mailed to Lucas on April 5, 2007. Thus, he probably did not have that order when his objections to the Report and Recommendation were filed on April 6, 2007 (doc. 20). The objections mention his earlier notice of potential conflict, but obviously without the benefit of this court's order of April 4, 2007. The conflict question has been mooted by this court's recusal in Lucas' habeas petition related to his state case. No conflict arises in connection with the instant case because it is totally unrelated to his state court case. Instead, this case involves a disciplinary matter during his incarceration and the legal consequences that flow from it.

**II.**

We now turn to the claims before us. On January 15, 2004, petitioner was found guilty of a B07 disciplinary violation. See Petition at 1; Petition Attachment A. In the ADC, a B07 violation constitutes "[p]ossession, manufacture or consumption of, or trafficking in any drug, narcotic, intoxicant, stimulant, depressant, drug paraphanelia or unprescribed medicine." Answer Exhibit A Attachment 1 at 9. As a result of his B07 violation, petitioner was sanctioned with ten days of disciplinary detention, thirty days "loss-of-privileges," and a forfeiture of five earned release credits. See Answer at 3 (citing ADC Result of Disciplinary Hearing Report).

Petitioner's first ground for habeas relief alleges that his B07 sanction violates due process because "[u]nder the 'some evidence' standard there is absolutely no evidence in the record that [he] used a narcotic drug." Petition at 5(a). Petitioner's second claim contends that the earned release credits penalty violates the Ex Post Facto Clause. Id. at 6.

1  Specifically, he argues that the statute mandating the forfeiture of five earned release credits
2  was retroactively applied to him, and that he should have been sanctioned pursuant to the law
3  in effect at the time of the offense for which he is incarcerated. Id.

A.

5      To the extent that petitioner's claims challenge the earned release credits forfeiture,
6  they are unripe. Petitioner is serving three life prison terms, "with the possibility of parole
7  after twenty-five years." CV 06-1313 Doc. 1 Attachment A. The ADC has not imposed the
8  earned release credits forfeiture, because petitioner is serving life sentences, and therefore
9  is ineligible to earn release credits. See Answer Exhibit A ¶ 17; Answer Attachment 2 at 2.[1]
10 The earned release credits statute in effect at the time of petitioner's offense provides that
11 prisoners serving life sentences are ineligible for earned release credits. See R & R at 5
12 (citing A.R.S. § 41-1604.07 (1986)); Reply at 3; Objections at 7.

13     Petitioner cannot accrue release credits. Therefore, we need not decide whether the
14 ADC retroactively applied a statute that controls the forfeiture of those credits. If petitioner
15 should ever be re-sentenced, he may become eligible to earn release credits. See Answer
16 Attachment 2 at 2. At this point, however, the claim is speculative. Accordingly,
17 petitioner's claims for habeas relief premised upon his "ability to earn or maintain earned
18 release credits," see Petition at 6, are dismissed as unripe. This moots all objections to the
19 R & R premised upon petitioner's right to the credits.

B.

21     The only remaining objection contends that the R & R misconstrues petitioner's due
22 process claim. The R & R states that this claim challenges the "deprivation of earned-release
23 credits."  R & R at 4. Petitioner argues that the claim alleges a violation of petitioner's "due
24 process right to have the correct information regarding his disciplinary record entered into
25 his prison file." Objections at 4-5. Specifically, he argues that his charge "should be

---

[1] Indeed, "between 1994 and 2002 [petitioner] received three drug related disciplinary violations" but none of them resulted in the forfeiture of earned release credits. Objections at 7.

- 3 -

1 amended to reflect" that he did not use narcotics; alternatively, petitioner contends that we
2 should "vacate the finding of guilt for use of a narcotic." Id. We do not reach the issue of
3 whether an inaccurate prison file deprives petitioner of a constitutional right. The charge and
4 the finding of guilt reflected in petitioner's prison file are accurate.

5       The results of a January 9, 2004 urinalysis revealed that petitioner tested positive for
6 methamphetamine. Answer Exhibit A Attachment 2 at 4. Those test results triggered an
7 investigation. An "Inmate Disciplinary Investigation Work Sheet" includes a statement from
8 petitioner that he "[t]ook some Zantac," a medication he was not prescribed. Answer Exhibit
9 A Attachment 2 at 11. The "Investigator Comments" section explains that "the drug
10 Ranitidine [the generic name for Zantac] will cause a false positive for Methamphetamine."
11 Id.

12       A January 9, 2004 "Inmate Disciplinary Report" repeats the results of the urinalysis.
13 Answer Exhibit A Attachment 2 at 11. The section of that report labeled "Charge: Group
14 Number and Title" describes petitioner's charge as "B07-Use of Narcotics." Id. That report
15 is the only document in the record that mentions "use of narcotics." It does not convict
16 petitioner of using narcotics, nor does it call into question the accuracy of his prison record.

17       Several actions give rise to a B07 violation, including "consumption of . . . any . . .
18 narcotic . . . **or** unprescribed medicine." Answer Exhibit A Attachment 1 at 9 (emphasis
19 added). We conclude that the section of the report labeled "Charge: Group Number and
20 Title" merely employs a shorthand description of the violation at issue.

21       On January 15, 2004, petitioner was found guilty of a B07 violation. See Result of
22 Disciplinary Hearing, Answer Exhibit A Attachment 2 at 10. The record of that hearing lists
23 petitioner's charge as "B07." Id. Petitioner plead guilty to the charge. Id. An "Additional
24 Comments" section includes petitioner's statement that he took someone else's medication.
25 Id. Therefore relevant portions of petitioner's prison file are accurate. One violates BO7 by
26 taking unprescribed medication. Petitioned admitted it. There are no sufficiency of the
27 evidence issues. There are no due process violations.

28

- 4 -

1     **THEREFORE, IT IS ORDERED DISMISSING** petitioner's petition for habeas corpus (doc. 1).

    DATED this 20th day of August, 2007.

    *Frederick J. Martone*
    Frederick J. Martone
    United States District Judge