**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jimmie Lynn Lucas, | ) | No. CV-05-1434-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Shriro, et al., | ) | |
| Respondents. | ) | |

In our order of August 20, 2007 (doc. 21), we denied petitioner's petition for writ of habeas corpus (doc. 1). Now before us is petitioner's motion to alter or amend judgment (doc. 23). For the reasons below, the motion is denied.

**I**

Petitioner is a state prisoner serving three life sentences for first-degree murder and a ten-year sentence for burglary. His crimes were committed in 1986. In January 2005, petitioner tested positive in a random drug test in violation of the Arizona Department of Corrections ("ADOC") Inmate Disciplinary Rules. The disciplinary hearing officer recommended, in addition to other punishment, that petitioner forfeit five days of earned release credits. The ADOC approved the forfeiture recommendation, citing "A.R.S. § 31-251, § 41-1604.07 or § 41-1604.10." Report and Recommendation at 2. However, because petitioner is serving life sentences, to which release credits do not apply, the forfeiture was

1 not actually imposed. Instead, the ADOC notified petitioner that should his sentence ever
2 be changed to allow release credits, the forfeiture would then be applied. Id.

3 Petitioner suggests that the ADOC relied on A.R.S. § 41-1604.07(I) to approve the
4 release-credit forfeiture. It provides, "A prisoner shall forfeit five days of the prisoner's
5 earned release credits . . . [f]or each time the prisoner tests positive for any prohibited drugs
6 during the period of time the prisoner is incarcerated." A.R.S. § 41-1604.07(I). This
7 mandatory five-day forfeiture was added by legislative amendment in 2000. Act of Apr. 3,
8 2000, ch. 104, 2000 Ariz. Laws 525. Petitioner contends that the ADOC violated the Ex Post
9 Facto Clause of the United States Constitution by applying A.R.S. § 41-1604.07(I) to him,
10 because the provision was not in effect at the time he committed the crimes for which he was
11 convicted. U.S. Const. art. I, § 10, cl. 1. We reiterate that petitioner's claim is unripe and
12 further conclude that it lacks merit.

**II**

14 As explained in our order of August 20, 2007 (doc. 21), petitioner's ex post facto
15 argument is unripe because the release-credit forfeiture to which he objects has not been
16 imposed. Petitioner's reliance on Weaver v. Graham, 450 U.S. 24, 101 S. Ct. 960 (1981),
17 is unavailing. In Weaver, the United States Supreme Court held that Ex Post Facto Clause
18 violations need not strip prisoners of "vested rights." Id. at 29-30, 101 S. Ct. at 964–65.
19 Rather, the relevant inquiry is whether a law effectively imposes a more severe punishment
20 than the one assigned when the offense occurred. Id.

21 Weaver is inapposite to our conclusion of unripeness, which is not based on whether
22 petitioner's right to earned release credits has "vested." The point is that there has been no
23 injury: Because petitioner cannot earn any release credits, the forfeiture has not been and
24 may never be imposed. Thus, it is pure speculation to address the propriety of a forfeiture
25 that may never come to pass. Petitioner urges that the merits of his ex post facto claim must
26 now be addressed because the statute of limitations under 28 U.S.C. § 2244(d)(1) has
27 expired, such that the claim could not be brought in the event of a resentencing that allowed

1  for earned release credits in the future.  Though we are not persuaded by petitioner's
2  concerns, we nonetheless address the merits of his claim.  It fails.

3        We do not believe that there is an ex post facto problem in applying A.R.S. § 41-
4  1604.07(I) to petitioner under these facts.  Though incarcerated for 1986 crimes, petitioner
5  is not frozen in a world of 1986 law.  It makes more sense to compare the date of the
6  provision's enactment with the date of the prison infraction for which petitioner was
7  disciplined, not with the date of his underlying criminal offenses.  When petitioner violated
8  prison drug regulations in 2005, he was on notice of applicable sanctions instituted in 2000.

9        However, petitioner's ex post facto claim fails for a more basic reason.  In approving
10  the release-credit forfeiture, the ADOC cited "[A.R.S.] § 41-1604.07 *or* § 41-1604.10"
11  (emphasis added).  A.R.S. § 41-1604.10(C) is proper and sufficient authority; it provides,
12  "Upon reclassification of a prisoner resulting from such prisoner's failure to adhere to the
13  rules of the department . . . the director may declare any and all release credits earned by the
14  prisoner forfeited."  Substantially the same language was first enacted in 1978, see Act of
15  Oct. 1, 1978, ch. 164, 1978 Ariz. Laws 490,[1] and it clearly applies to petitioner, see Merrick
16  v. Lewis, 192 Ariz. 272, 274,  964 P.2d 473, 475 (1998) (A.R.S. § 41-1604.10 applies to
17  inmates whose crimes were committed prior to January 1, 1994).  Because the loss of "any
18  and all" credits is authorized under A.R.S. § 41-1604.10 alone, it cannot be shown that the
19  ADOC actually relied on A.R.S. § 41-1604.07.[2]

---

[1] Though it originally appeared only at A.R.S. § 41-1604.07(c), this provision was added to A.R.S. § 41-1604.10 in 1993, when the legislature created a new earned release credit scheme.  See Act of April 22, 1993, ch. 255, 1993 Ariz. Laws 1487.

[2] In fact, A.R.S. § 41-1604.07 does not apply to petitioner by the very terms of its enacting legislation.  See Merrick, 192 Ariz. at 274, 964 P.2d at 475 (A.R.S. § 41-1604.07 applies only to prisoners whose crimes were committed after January 1, 1994).  Moreover, even if A.R.S. § 41-1604.07 was applied to petitioner, he was probably not disadvantaged, because the forfeiture was authorized under A.R.S. § 41-1604.10.  See Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 896 (1997) (an ex post facto law "must disadvantage the offender affected by it").

**III**

Accordingly, **IT IS ORDERED DENYING** the motion to alter or amend judgment (doc. 23).

DATED this 9th day of January, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge